JOSEPH WARREN, Plaintiff, *v.* COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Defendant.

City Court of the City of New York, Trial Term, New York County, April 10, 1951.

*George Popkin* for plaintiff.

*Henry C. Moses* for defendant.

McGIVERN, J. In this nonjury action, the plaintiff, a veteran, seeks to recover disability benefits from the defendant insurance company pursuant to a certificate issued by the defendant and

conferring upon the plaintiff indemnity for loss of time resulting from bodily injuries. The policy undertook to pay the plaintiff $25 a week in the event he were " wholly and continuously disabled " from " the prosecution of every duty pertaining to his occupation ".

In June of 1943, plaintiff while in service, and after the policy had been changed to record his occupation as that of military service, suffered an injury to his ankle which led to prolonged hospitalization in the Army and to his subsequent relief from active duty. The defendant company, upon notification of the accident, paid the plaintiff weekly benefits until September 22, 1944, at which time it challenged the plaintiff's right to receive further payments. Previous to this, and pursuant to a finding of the Army Retirement Board, the Headquarters Army and Navy General Hospital, on August 29, 1944, placed him on the inactive officers' list because he was " found permanently incapacitated for further active military service ". The plaintiff went on to civilian life and carried forward an onerous and apparently successful career.

The defendant urges that since the plaintiff is obviously able to carry on a civilian career, the company is not liable under the policy. The plaintiff argues that this is beside the point, and the court agrees with him.

It is the opinion of this court that the fact plaintiff made an adequate adjustment to civilian life is immaterial. The policy in question indemnified plaintiff against a particular occupational disability, i.e., military service, and the Army unqualifiedly pronounced him " hors de combat ". In order to hold for the defendant it would be necessary to override the findings of the Army Retirement Board, a presumably qualified body. Moreover, at the trial, the plaintiff furnished adequate proof of his own disability by his own testimony and that of his medical evidence, in addition to the Army findings to the same effect, already matters of record. All in all, the plaintiff at the trial met the burden of proof exacted of him, even after exposure to the defendant's cross-examination, an opportunity which the Appellate Division indicated should not be denied the company (*Warren* v. *Commercial Travelers Mut. Accident Assn. of America,* 271 App. Div. 989).

As to the cardinal issue of plaintiff's " occupation ", it is noteworthy that the Appellate Division said, " Though we assume that military service was plaintiff's occupation within the terms of the policy ". This court is also of such belief, as indeed was Mr. Justice WHALEN of the Municipal Court when he granted the

plaintiff's motion for summary judgment. Assuming that his occupation was of a military nature, and from the pursuit of this he was authoritatively proscribed because of an injury, it is difficult to avoid the defendant's liability.

The defendant company did not agree to make payments to the plaintiff if his disability prevented him from working at any occupation, but did explicitly undertake to pay him during any period he was prevented from prosecuting duties '' pertaining to his occupation ''. And his occupation, relative to the policy, was service in the Army. The Army in turn pronounced him wholly disabled from performing military service; this disability was also demonstrated to the court's satisfaction. The conclusion seems inescapable that liability under the policy has become operative. If the company is heard to complain that such a reading is too literal and that a strict construction goes hard with the underwriter, the court points out that such reasoning is but in accord with the classic canons of interpretation. The company was the author of the policy and the canons call for a construction strictly in accordance with the specific, unambiguous provisions of the policy. It would appear that the underwriter has been '' hoist with his own petard ''.

Judgment may be entered by the plaintiff in the sum of $1,653.57, together with interest thereon from each due date. All motions upon which decision was reserved at the trial are disposed of pursuant to the foregoing. Execution will be stayed for ten days and the defendant is granted thirty days to make its case on appeal.